UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BRIAN DONAHUE<br><br>Plaintiff,<br><br>v.<br><br>SOCIÉTÉ AIR FRANCE (improperly designated as "Air France")<br><br>Defendant. | CIVIL ACTION NO.: 03-40264 |

## DEFENDANT SOCIÉTÉ AIR FRANCE'S ANSWER TO COMPLAINT

NOW COMES the Defendant, Société Air France ("Air France"), pursuant to Fed. R. Civ. P. 8, by and through its attorneys, Robins, Kaplan, Miller & Ciresi L.L.P., and responds to Plaintiff's complaint upon information and belief as follows:

1.      Air France denies the allegations contained in Plaintiff's small claims statement filed in the Fitchburg District Court Division, Worcester County, Massachusetts, and thereafter removed to this Court. Air France admits only that it did not attempt to reschedule Plaintiff on another flight and/or airline because Plaintiff was never a ticket holder on an Air France flight.

## AFFIRMATIVE DEFENSES

Air France alleges the following affirmative matters with respect to the Plaintiff's complaint.

### FIRST AFFIRMATIVE DEFENSE

Plaintiff has failed to state a claim upon which relief can be granted.

35011869.1

## SECOND AFFIRMATIVE DEFENSE

There was no contractual relationship or privity between Plaintiff and Air France and, therefore, Air France owed no duty to Plaintiff to accept Plaintiff on one of its flights or to place or attempt to place Plaintiff on a flight of another carrier.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff never held a confirmed reservation on an Air France flight and any information which may have lead Plaintiff to believe that Plaintiff held a confirmed reservation on an Air France flight was an erroneous statement from a third party over whom Air France had no control.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff's original carrier had no contract or agreement with Air France pursuant to which Air France would have been obligated to accept Plaintiff as a passenger on any Air France flight and Air France never advised Plaintiff or Plaintiff's original carrier that Plaintiff had a confirmed reservation on any Air France flight.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff suffered no monetary loss or damages as a result of Plaintiff's inability to transfer to and/or board an Air France flight.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff was provided with transportation by or through its original carrier and, upon information and belief, Plaintiff suffered no monetary loss or damage as a result of Plaintiff's inability to board or fly on an Air France flight.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff was neither an original passenger with a ticket on an Air France flight nor the holder of a ticket issued by Air France for any other flight and, therefore, Plaintiff has no right of action or claim against Air France resulting from Plaintiff's inability to board an Air France flight as alleged in the complaint.

### EIGHTH AFFIRMATIVE DEFENSE

All actions alleged by Plaintiff in Plaintiff's complaint occurred outside of the United States and, therefore, neither this Court, nor the original State Court in which the action was commenced, has jurisdiction over Defendant, Société Air France.

### NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of estoppel.

### TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of laches.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff has failed to mitigate damages

### TWELFTH AFFIRMATIVE DEFENSE

The Plaintiff's claims are barred due to failure of consideration.

WHEREFORE, Air France respectfully requests that this Honorable Court grant it judgment on all counts including all costs and attorney fees and any other relief it deems meet and just.

                    Respectfully submitted,
                    SOCIÉTÉ AIR FRANCE,
                    By its attorney,

                    /s/ Peter F. Winters

                    Peter F. Winters. (BBO No.: 555698)
                    ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
                    111 Huntington Avenue, Suite 1300
                    Boston, Massachusetts 02199
                    (617) 267-2300

DATED: December 2, 2003

## CERTIFICATE OF SERVICE

I, Peter F. Winters, Esq., hereby certify that a true and correct copy of the foregoing document has been mailed, first class mail, postage prepaid on December 2, 2003, to the plaintiff's counsel Bruce Skrine, 628 Lewis Wharf, Boston, MA 02110.

_____
Peter F. Winters, Esq.